# WHEELING.

STATE *v*. THOMPSON.

Submitted June 22, 1885.—Decided July 3, 1885.

1. If an indictment for a misdemeanor barred in one year charges, that the offence was committed on the—day of — 1881, and the indictment was found in that year, it is good.   (p. 151.)

2. Since the adoption of the constitutional amendment of 1880 there is no doubt, that in revenue cases the State has equal right with the defendant to exceptions in the court below and review on writ of error.   (p. 152.)

3. In a case tried by a jury, no matter how many exceptions are taken to rulings of the court during the trial, unless a motion is made in the trial-court to set aside the verdict, and that motion is overruled and an exception taken, or objection made to the overruling of such motion is noted on the record, all such errors will by the appellate court be deemed to have been waived. (p. 152.)

The facts of the case appear in the opinion of the Court.

*Alfred Caldwell,* Attorney General, for the State.

The indictment in this case sought to punish a violation of sec. 1, ch. 32 of the Code as amended by the Acts of 1877, according to the provisions of ch. 22, Acts of 1879, and is good, whether considered as an indictment under sec. 1, ch. 32 as amended or under the Acts of 1879, the plain meaning of which, too plain for different construction, was recited in the first instruction. Any other construction would nullify the act.

The instructions embodied in the second bill of exceptions seem also perfectly proper and, it is submitted, should have been given to the jury by the court below.

The bill of exceptions No. 3 sets out all the facts proven, as well as those proven by the State as those by the defendant. It is respectfully insisted that the judge below clearly erred, both in his opinion given to the jury, as recited in said bill No. 3, and also in giving any opinion of his to the jury, if it was a fact for them to determine, whether the Ohio river constitutes a boundary line between the States of Ohio and West Virginia, as he instructed them.

The court below should have granted the State's motion for a new trial, as the verdict was clearly contrary to the law and evidence. The case of the *State* v. *Plants,* 25 W. Va. 685, seems decisive of the State's motion for a new trial. The defendant had been shown to have violated sec. 1, of ch. 32 of the Code as amended by the Acts of 1877. He was clearly proven to have been guilty of selling whisky and beer within the county of Mason without a State license. See bill of exceptions No. 3 and Constitution of West Virginia, Article II., sec. 1.

It is submitted that the court below erred in not giving the instructions asked for by the State, in giving the opinion to the jury recited in bill of exceptions No. 3, and in refusing a new trial to the State. The changes made in the indictment, were immaterial and in no way injured the defendant. The indictment was perfectly good before they were made, and the

fact that they were made, not adding anything material to the indictment, could not prejudice the accused.

No appearance for defendant in error.

JOHNSON, PRESIDENT:

In September, 1881, the defendant was indicted for selling spirituous liquors, &c., without license. The indictment charged the selling on the —— day of ——, 1881, and the place of sale, " On the Ohio river, at a point opposite Burns' landing in the county aforesaid."

The defendant demurred to the indictment, in which the State joined and the matters of law arising on the demurrer being argued, the court took time to consider the same.

The defendant moved also to quash the indictment, because it did not conform to the record of the finding thereof. The indictment was against John Neale Thompson and concludes: " The said John Neale not being then and there a druggist, against the peace and dignity of the State," which motion was overruled; and thereupon the attorney for the State moved the court to allow him to amend the indictment by inserting the name " Thompson " instead of " Neale," where it occurs in the latter part of the indictment. To the making of this amendment the defendant by his counsel objected, which objection was overruled, and the amendment was allowed to be made, and the defendant excepted.

The motion to quash and the demurrer were overruled; and the defendant pleaded not guilty. On September 5, 1882 the issue was tried by a jury, and on September 6, 1882, the jury rendered a verdict of "not guilty." The State saved three bills of exceptions to rulings of the court during the trial, the first and second to the refusal to grant instructions, and the third to an opinion given to the jury by the court.

The State moved to set aside the verdict of the jury, which motion was overruled; and the State obtained a writ of error to the judgment rendered on the verdict of the jury.

The change made in the indictment by inserting the name "Thompson" instead of "Neal" was immaterial and did not prejudice the defendant. And being the mere correction of a misnomer was authorized by the statute, Code ch. 158, sec. 10. The indictment was good, unless it showed on its

face, that the offence was committed outside of the jurisdiction of the court. It showed clearly on its face, that the offence was charged to have been committed within a year before the finding of the indictment. The indictment was found in September 1881, and it charged the offence to have been committed on the —day of—1881. This was sufficient. It would have been bad, if no date had been inserted, which would have shown, that the offence was committed within a year before the indictment was found. (*State* v. *Bruce, infra.*) The State undoubtedly had a right to a writ of error, the same as the defendant would have had. Whatever doubt may have heretofore existed as to the right of the State in a revenue case to move to set aside a verdict against it or to except to any ruling made to its prejudice and have the same reviewed and cdrrected on writ of error, all such doubt is removed now by the adoption of the amendment to the constitution in 1880, which reads, Art. VIII, sec. 3, speaking of the appelate jurisdiction of the Supreme Court of Appeals: "It shall have appellate jurisdiction in criminal cases, where there has been a conviction for felony or misdemeanor in a circuit court, and where a conviction has been had in any inferior court and affirmed in a circuit court, *and in cases relating to the public revenue, the right of appeal shall belong to the State as well as the defendant.*" So there can be now no doubt, that in cases relating to the public revenue the State has the right of exceptions all through the trial and the right to have all errors against it reviewed, as well as the defendant in such case.

The indictment is good and the motion to quash was properly overruled.

The State it is true moved for a new trial, which motion was overruled, but the State did not object on the record to the overruling of the motion for a new trial. The only entry with regard to the matter is: "The court hereby certifies, that after the verdict was rendered in this cause, and before the judgment was rendered therein, the attorney prosecuting for the State moved the court to set aside the verdict, because the same was contrary to the law and the evidence, which motion was overruled by the court, and said verdict not set aside." In a case tried by a jury, no matter how

many exceptions are taken to rulings of the court during the trial, unless a motion is made in the trial-court to set aside the verdict, and that motion is overruled and an exception taken or an objection to such overruling of said motion noted on the record, all such errors will by the appellate court be deemed to have been waived. (*State* v. *Phares*, 24 W. Va. 757; *Danks* v. *Rodeheaver, infra.*)   The errors therefore of the court, if any, in the instructions given and refused can not be considered, as by the failure to object to the overruling of the motion for a new trial the State acquiesced therein and waived all the errors committed during the trial.

The judgment of the circuit court is affirmed.

AFFIRMED.

---

# WHEELING.

