# CHARLESTON.

## STATE v. FRANK BERMAWITZ.

### (No. 5067.)

Submitted March 24, 1925.            Decided March 31, 1925.

1. INTOXICATING LIQUORS—*Failure to Specify Date of Commission of Offense in Indictment Charging Ownership, etc., of Moonshine Still is Fatal Thereto.*

   Failure to specify the date of the commission of the offense in an indictment charging ownership, operation, etc., of a moonshine still, is fatal. Time is of the essence of the offense. (p. 637).

   (Intoxicating Liquor, 33 C. J. § 432.)

2. SYLLABUS IN PRIOR CASE FOLLOWED AND APPLIED.

   Point 3 of the syllabus in the case of *State* v. *Moore*, 95 W. Va. 604, followed and applied. (p. 640.)

   (Intoxicating Liquor, 33 C. J. § 549.)

   (NOTE:—Parenthetical references by Editors. C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Preston County.

Frank Bermawitz was convicted of owning and operating a moonshine still, and he brings error.

*Judgment reversed; verdict set aside; demurrer sustained.*

*Gibson & Mattingly*, for plaintiff in error.

HATCHER, JUDGE:

Frank Bermawitz was tried at the June term, 1923, of the circuit court of Preston county, under an indictment charging ownership, operation, etc., of a moonshine still. The jury found him guilty, and the court fined him $300.00 and sentenced him to the penitentiary for a period of three years. He prosecutes error here.

The Attorney-General, admitting error, files no brief on behalf of the state.

The indictment in this case was made at the June term, 1923, and is as follows:

> "The Grand Jury of the State of West Virginia, in and for the body of the county of Preston and now attending upon the Circuit Court thereof, upon their oaths present that Frank Bermawitz and Mrs. Frank Bermawitz, on the —— day of ———, A. D. 19—— in the said county of Preston, did unlawfully and feloniously own, operate, maintain, possess, and have an interest in a certain apparatus, mechanism and device for the manufacture of intoxicating liquors, commonly known as a "moonshine still," against the peace and dignity of the State.
>
> ————————————————————,
>                                     Prosecuting Attorney."

It will be noted therefrom that the date of the commission of the alleged offense is not fixed by the indictment. At common law, it was necessary to set out the date of an alleged offense in an indictment. Section 10, chapter 158, Code of West Virginia, modifies the common law to this extent:

> "No indictment * * * shall be quashed or deemed invalid * * * for omitting to state, or stating imperfectly the time at which the offense was committed when time is not of the essence of the offense."

The requirement of the common law is therefore changed by the statute only in cases where *time is not of the essence of the offense.* In order to determine whether or not time is of the essence of this offense, it is necessary to revert briefly to our statutes thereon.

The crime charged in the indictment is not a common law offense. Prior to the date section 3 of chapter 13 of the Acts of 1913 became effective, the operation of a still was permissible under a state license. It was not a crime to own or possess a still, but operation of a still without a state license was then a misdemeanor.

By the Act of 1913, which became effective July 1st, 1914, the manufacture of intoxicating liquors was made a misdemeanor. It was no violation of the law under this act to

own or possess or have an interest in a still. There was no change in the law in this respect until the Act of 1919 became effective, whereby it became a felony to own, operate, etc., a moonshine still.

From all which it appears that time is necessarily of the essence of this offense. Within ten years prior to the time the indictment was returned, such acts as are charged in the indictment have been subject to three separate statutes. Under one statute, the indictment charges no crime; under another statute, it charges a misdemeanor, and under a third, it charges a felony. The defendant was entitled to know from the indictment under which statute the state sought conviction. The indictment should have specified the date of the commission of the alleged offense. Failure to do so renders it bad.

"Where time is a material ingredient in the offense, and the extent of the punishment for the offense alleged, has been enlarged, (as in cases of horse stealing,) then time becomes material, and a failure to state it in the indictment, is fatal."

*Bolton* v. *The State,* 45 Tenn. 650.

"Where there are two statutes and the one of subsequent date changes the nature of the offense, or the punishment of the same, the indictment must by proper averment refer to the statute under which it was found so that the court may see the exact character of the offense, and the nature and measure of the punishment to be imposed."

*State* v. *Wise,* 66 N. C. 120.

"An indictment for breaking and entering a "mill-house" with intent to commit larceny therein, must charge the time at which the alleged breaking and entering took place, for if done between February 12, 1894, and January 9, 1896, the offense was not a felony, while if done before the first date or after the latter, the offense is a felony. Time is of the essence of the offense."

*Cool* v. *Commonwealth,* 94 Va. 799.

When the demurrer to an indictment is sustained in this Court, it is not customary to refer to other errors alleged. As the defendant can be again indicted and again tried, we deem it advisable to call attention to instruction number 1 given by the State, which is as follows:

"The jury are instructed, that if they believe from the evidence, beyond all reasonable doubt, that the defendant Frank Bermawitz had in his home at the time the search warrant offered in evidence by the State, apparatus capable of being used to manufacture moonshine liquor, they shall find the defendant guilty."

An instruction very similar to this one was held bad in the case of *State* v. *Moore*, 95 W. Va 604, because "it withdraws from the jury's consideration the question of the defendant's intent and practically directs the jury to find the defendant guilty."

The judgment of the lower court will therefore be reversed, the verdict of the jury set aside, and the demurrer to the indictment herein sustained.

*Judgment reversed; verdict set aside; demurrer sustained.*