STATE OF WEST VIRGINIA

*v.*

HUBERT LEWIS

(No. 10576)

Submitted September 22, 1953. Decided September 29, 1953.

*John G. Fox,* Attorney General, *Arden J. Curry,* Assistant Attorney General, for plaintiff in error.

No appearance for defendant in error.

RILEY, JUDGE:

In this criminal proceeding of State of West Virginia against Hubert Lewis, the State of West Virginia prosecutes this writ of error to a judgment of the Circuit

Court of Pocahontas County, which sustained defendant's motion to quash the indictment and ordered that the indictment be quashed and dismissed, and that the defendant be released from custody, to go without day.

On March 10, 1953, the Grand Jury of Pocahontas County indicted the defendant for the larceny of a certain tweed overcoat of the value of seventy-five dollars. The indictment read:

"State of West Virginia,
"County of Pocahontas, to-wit,

"The Grand Jurors of the State of West Virginia, in and for the body of the County of Pocahontas, and now attending said court, upon their oaths present that Hubert Lewis on the _____ day of _____, 1953, in the said County of Pocahontas, one tweed overcoat of the value of $75.00, of the goods, effects and property of Robert Johnson, feloniously did steal, and carry away, against the peace and dignity of the State.

"Found upon the testimony of Stanley Wooddell, and others, duly sworn in open court to testify the truth, and sent before the Grand Jury, this 10th day of March, 1953.

"(Signed)  George S. Sharp,
Prosecuting Attorney."

Upon being arraigned the defendant entered a plea of not guilty, and thereafter, on March 18, 1953, the defendant, by his counsel, moved the trial court for permission to withdraw the plea of not guilty, entered on the former day, which motion was granted. Defendant then moved the court to quash and dismiss the indictment on the ground that the indictment did not show on its face that the larceny complained of was committed before the finding and return of the indictment of the grand jury.

The State of West Virginia assigns as its only ground of error that the circuit court erred in quashing and dismissing the indictment upon the ground that the indict-

ment did not on its face show that the larceny therein charged was committed before the date on which the grand jury found and returned the indictment.

Code, 62-2-10, the statute controlling the decision in this case, contains the following pertinent provision: "No indictment or other accusation shall be quashed or deemed invalid * * * for omitting to state, or stating imperfectly, the time at which the offense was committed, when time is not of the essence of the offense; * * *."

The indictment is substantially in the form prescribed by Code, 62-9-10. As the value of the property alleged to have been feloniously taken by the defendant is stated in the indictment to be seventy-five dollars, that is, the value of twenty dollars or more, the indictment effectively charges the defendant with the crime of grand larceny. Code, 61-3-13. As Section 13 further provides that a person convicted of grand larceny shall be confined in the penitentiary not less than one, nor more than ten years, the offense of grand larceny is a felony under the provisions of Code, 61-11-1, as amended and reenacted by Section 1, Article 11, Chapter 61, Acts of the Legislature, Regular Session, 1947, which provides that: "Such offenses as are punishable with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors."

As the statute prescribing and covering the crime of larceny (Code, 61-3-13), has not been amended since 1923, the crime of grand larceny was a felony during all of the year 1953, and the penalty therefor remained unchanged. So, "time is not of the essence of the offense" charged in the instant indictment, and the provisions of Code, 61-11-9, providing limitations for criminal prosecutions do not apply.

It follows that the instant indictment is not bad because it does not state the day or the month in 1953, when the crime alleged was committed. This position is consonant with Judge Brannon's statement contained in

*State* v. *Pennington,* 41 W. Va. 599, 23 S. E. 918: "* * *
I would state the law to be that, where no statute of
limitation bars, you may wholly omit the date of the
offense from the indictment, unless it be one of the rare
offenses where time enters into its essence; but, where
there is a limitation, you must state date, so it appear
the offense is not barred. * * *."

In this regard this case is to be distinguished from
*State* v. *Bermawitz,* 98 W. Va. 637, 127 S. E. 494, in-
volving an indictment which charged the defendant with
a crime committed "on the _____ day of _____, A. D.
19_____.,", in which this Court held the indictment to be
bad, because within ten years prior to the time the in-
dictment was returned, the acts charged in the indict-
ment had been the subject of three separate statutes;
and the case of *Cool* v. *Commonwealth,* 94 Va. 799, 26
S. E. 411, in which the indictment charged the defendant
with a crime committed "on the _____ day of _____, in
the year one thousand eight hundred and _____". In
the latter case the Virginia Court in point 1 of the syl-
labus held that: "An indictment for breaking and enter-
ing a 'mill-house' with intent to commit larceny therein,
must charge the time at which the alleged breaking and
entering took place, for if done between February 12,
1894, and January 9, 1896, the offence was not a felony,
while if done before the first date, or after the latter,
the offence is a felony. Time is of the essence of the
offence."

In *State* v. *Thompson,* 26 W. Va. 149, involving an in-
dictment for the selling of spirituous liquors without a
license, this Court held that the indictment, returned in
September, 1881, charged that the selling occurred on
the "_____ day of _____, 1881", holding that the indict-
ment showed on its face that the offense was charged
to have been committed within a year before the indict-
ment was found. In that case this Court commented at
page 152 of the opinion that: "It [the indictment] would
have been bad, if no date had been inserted, which would

have shown, that the offense was committed within a year before the indictment was found."

The instant indictment charges that the defendant "feloniously *did steal,* and carry away", (italics supplied) one tweed overcoat of the value of seventy-five dollars "of the goods, effects and property of Robert Johnson." The words contained in the indictment that the defendant "feloniously did steal, and carry away", import that the offense was committed before the finding of the indictment, and, in our opinion, this use of the past tense sufficiently alleges that the crime charged in the indictment was committed prior to the finding of the indictment. In *State* v. *Crummitt,* 129 W. Va. 366, pt. 1 syl., 40 S. E. 2d 852, this Court held: "A warrant, dated September 18, 1944, on which an accused is tried, as distinguished from a warrant of arrest, which charges that the accused did knowingly and unlawfully keep, maintain and operate a place of prostitution 'on the _____ day of _____, 1944', substantially follows the language of the statute describing that crime, and is sufficient upon a notice to quash." See also *State* v. *McMillion,* 104 W. Va. 1, 138 S. E. 732, and *State* v. *LaRosa,* 129 W. Va. 634, 41 S. E. 2d 121.

We are, therefore, of opinion that the instant indictment effectively charged that the defendant committed the crime of grand larceny, as alleged in the indictment, prior to the time the indictment was found, and that the trial court erred in quashing the indictment, and in ordering that defendant be released from custody, to go without day.

Accordingly, the judgment of the trial court is reversed and the case remanded for further proceedings on the indictment.

*Reversed and remanded.*