Samuel F. TINCHER, Appellant,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellee.

No. 9736.

United States Court of Appeals Fourth Circuit.

Argued May 5, 1965.

Decided Aug. 9, 1966.

James J. Harkins, Wheeling, W. Va. (Court-assigned counsel), for appellant.

George H. Mitchell, Asst. Atty. Gen. of West Virginia (C. Donald Robertson, Atty. Gen. of West Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

PER CURIAM:

In this habeas corpus petition, Tincher complained that the indictment upon which he was convicted of statutory rape failed to specify the day, the month, or the year of the offense charged. Con-

cerned about the efficacy of the conviction as a bar to a subsequent prosecution, we appointed counsel for Tincher and have fully considered briefs, supplemental briefs and oral arguments of counsel.

Other information in the indictment supplies some limitations to the unspecificity of the allegation of the time of the offense. The indictment is in the form prescribed by statute, and the spaces for the day, the month and the year were simply left blank.[1] The indictment includes the name of the victim, however, and alleges that, at the time of the offense, she was a 12-year-old child.

■■■■■■■ Appointed counsel now concedes that, under West Virginia law, an indictment is not defective though it contains no allegation of the time of the offense, unless time is of the essence of it. The concession seems plainly proper.[2] He also concedes, we think properly, that a conviction may be had upon an indictment, unspecific in its allegation of the time of the offense, if proof is tendered of an offense committed at any time prior to the return of the indictment by the Grand Jury.[3] Rationally, this leads the attorney and the Court to the conclusion that any prosecution under a subsequent indictment would be foreclosed if the offense charged was one which would have supported a conviction under the earlier indictment.

1. An earlier indictment which had been nol prossed charged that the offense occurred on the .... day of December, 1961.

2. State v. Lewis, 138 W.Va. 743, 77 S.E. 2d 606; State v. Pennington, 41 W.Va. 599, 23 S.E. 918; State v. McMillion, 104 W.Va. 1, 138 S.E. 732; and see State ex rel. Toney v. Mills, 144 W.Va. 257, 107 S.E.2d 772.

3. See State v. McMillion, supra, note 2; State v. Lewis, supra, note 2.

4. See State v. Friedley, 73 W.Va. 684, 80 S.E. 1112.

5. Any subsequent indictment charging Tincher with carnal knowledge of the girl at any time prior to the indictment clearly would be barred. The only conceivable problem would arise if the state subsequently charged him with multiple of-

■■■■ One case in West Virginia, of some vintage, suggests there may be a problem if the State seriously contends there were two offenses when one of the successive indictments is unspecific as to the time of the offense.[4] If that problem is still present under West Virginia law, however, we think the requirements of the Federal Constitution need not be considered before a subsequent indictment has been sought. It is most unlikely that a subsequent indictment on an offense of this sort would be sought even if there were reason to believe that the defendant had carnally known the child more than once. The indictment which clearly is not void under the law of West Virginia need not be treated as void in the federal courts merely on the basis that, in the very unlikely and remote event of a subsequent prosecution, the Federal Constitution may establish a bar if the West Virginia laws do not.[5]

■■■■ Counsel suggests that time is of the essence here because the statute applies only if the male is over the age of 16 and the female under the age of 16. However, the indictment is quite specific in charging that the victim was under the age of 16 years, actually twelve years old, at the time and only somewhat less specific in charging that the defendant was over 16 at the time. To the extent that time was of the essence of the offense, it was properly charged.[6] So an

fenses, but that problem would exist if this indictment had been complete and specific in its allegations of the time of the occurrence. In either event, subsequent prosecution for a clearly separable offense probably would not be barred. Absence of specificity in the first indictment only enhances the state's burden of proving a different offense.

6. Time may be of the essence of an indictment under West Virginia law where prosecution for the offense may be barred by the statute of limitations. State v. Pennington, 41 W.Va. 599, 23 S.E. 918. Time has been held to be of the essence of an offense where before the indictment the nature of the offense or its punishment had been recently changed. State v. Bermawitz, 98 W.Va. 637, 127 S.E. 494. Neither case is relevant on the facts presented here.

indictment for common law burglary must charge that the breaking occurred during the night-time, and, to that extent, time is of the essence, but the calendar date would not be.

Other contentions have been presented, which we find no be without merit.

Affirmed.