**Vaney RUSSELL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 26589
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 22, 1970.

James E. Nickolson, Jr., Atlanta, Ga. (Court-appointed), for appellant.

Vaney Russell, pro se.

William J. Schloth, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

■ In this direct appeal from conviction upon a jury verdict of guilty of conspiracy to transport forged securities in interstate commerce, 18 U.S.C. §§ 371, 2314, the defendant assigns the following five points of error.[1]

I

DEFECTIVE INDICTMENT

The indictment as returned by the grand jury alleged that the offense occurred "on or about February 19, 1967." On the morning the trial commenced, and after the jury had been empaneled, the Assistant United States Attorney notified the court that the date alleged in the indictment was a typographical error— the correct date being February 19, 1966. The court allowed the change and denied the defendant's motion to dismiss the indictment.

■ The defendant vigorously asserts that the allowed change in the date has deprived him of potential defenses and otherwise prejudiced him in preparing his defense. We reject the alleged claim

of prejudice. It seems well settled that an allegation as to the time of the offense is not an essential element of the offense charged in the indictment and, "within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient." 1 Wright, Federal Practice and Procedure, § 125 at 247. See also, Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162 (1898); United States v. Covington, 411 F.2d 1087 (4th Cir. 1969); Hale v. United States, 149 F.2d 401 (5th Cir. 1945), cert. denied, 326 U.S. 732, 66 S.Ct. 40, 90 L.Ed. 436 (1945).

■ Because time is not of the essence in connection with the crime charged here, the trial court did not err in refusing to dismiss the indictment and admitting evidence pertaining to the 1966 date. Moreover, the record reflects that the defendant, as well as his retained counsel, was aware of the erroneous date but did not file a bill of particulars to clarify the allegation nor move for a continuance in order to prepare a defense for the earlier date. Under these circumstances, and viewing the record as a whole, we are unable to discern any prejudice to the defendant.

II

INADEQUATE WARNING OF CONSTITUTIONAL RIGHTS

■■ The defendant here raises for the first time, the issue of whether the waivers given by him, which preceded two incriminatory statements to F.B.I. agents, were intelligently and knowingly given. A lengthy recital of the facts surrounding the defendant's execution of the voluntary appearance form and the waiver of rights form would serve no useful purpose. The record clearly indicates that the defendant was fully and adequately advised of his constitutional right

1. Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969) and Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969).

to remain silent and to be represented by counsel prior to his signing of the waiver of rights form. No pre-trial motion to suppress or objection was entered prior to or during the trial questioning the adequacy of the advice given or whether the waivers so executed by the defendant were knowingly and intelligently given. As such, we may notice only "plain error" on this appeal. Fed.R.Crim.P. 52(b). Having thoroughly examined the record before us as well as the briefs of counsel, we are compelled to the conclusion that the defendant knowingly and intelligently waived his right to remain silent and to be represented by counsel prior to the making of his inculpatory statements. Our attention has not been directed to, nor do we perceive any evidence which would justify a contrary conclusion.

## III

### FAILURE TO GRANT A MISTRIAL

■ During the course of the trial below, an F.B.I. agent testifying for the government indicated on direct examination that he had received word that the defendant wanted to see him and at that time the defendant was confined in the Fulton County Jail. Defendant's counsel moved for a mistrial alleging that the statement had prematurely injected the defendant's character and reputation into the trial and that the prejudicial effect could not be removed by a curative instruction to the jury. The court denied the motion and proceeded to strike the testimony and admonish the jury to disregard the remark.

The reference by the witness to the defendant's incarceration was volunteered and unresponsive to the question asked. It was neither solicited nor expected by the prosecuting attorney. Moreover, the case as submitted to the jury consisted of two separate confessions made by the defendant as well as implicating testimony by a co-conspirator. We are not inclined, in view of all the evidence, to hold that the error affected the substantial rights of the defendant. The admonition to the jury by the trial judge was sufficient to expunge any possible prejudice to the defendant and as such, the error was harmless only. Fed.R. Crim.P. 52(a); Leonard v. United States, 386 F.2d 423 (5th Cir. 1967).

## IV

### ERRONEOUS CHARGE

■ The excerpt from the court's charge assigned as error by the defendant instructed the jury that "You may not convict a defendant upon a guess or a surmise or a suspicion, and likewise you ought not acquit on anything less than a reasonable doubt." Defendant asserts that the phrase "you ought not acquit" has such an ominous ring as to be prejudicial. In this assertion, we cannot agree. "In reviewing the charge on reasonable doubt we look to the whole instruction rather than isolating our attention to one sentence." James v. United States, 416 F.2d 467, 476 (5th Cir. 1969), cert. denied, 397 U.S. 907, 90 S.Ct. 902, 25 L.Ed.2d 87 (1970). In the court's charge, the sentence above quoted was preceded by two paragraphs on the government's burden of proof and the definition of "reasonable doubt". In addition, the sentence immediately following that to which the defendant objects charged the jury, "That is to say, if the evidence establishes guilt beyond a reasonable doubt it is the duty of a jury to convict, and if it does not then it is the duty of a jury to acquit." Considering the charge as a whole, it shows a balanced charge on reasonable doubt and the application to be made by the jury in ascertaining the guilt or innocence of the defendant.

## V

### INADEQUACY OF RETAINED COUNSEL

Defendant contends as his last ground of error that his retained counsel at trial was so incompetent as to render the trial

a "mockery and a farce". This contention is frivolous and totally devoid of merit and does not warrant our discussion.

Affirmed.