**James Albert DRIVER, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

No. 24569
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 7, 1971.

---

\* [1] Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Edward S. Jaffry, Tallahassee, Fla., for defendant-appellant.

Clinton Ashmore, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

There can be no reasonable doubt concerning the substantiality of the evidence to support the jury's verdict that Driver was guilty of interstate transportation of a stolen motor vehicle in violation of Title 18 U.S.C.A. § 2312; we have none, and the jury had none; in fact, that issue was not raised on appeal. The only material point urged as error is the denial of the District

Court to declare a mistrial because the Government introduced evidence of a prior criminal conviction of Driver although he had not put his character in issue. We affirm.

Driver's accomplice Ort was called as a Government's witness and testified that Driver came to Ort's house with a car and asked Ort to accompany him from Alabama to Florida and to sell the car for him. When questioned about this Ort said:

"Al asked me to sell this car for him that he had gotten, the reason he said he wanted me to sell it is that he had a prior criminal record on cars and * * *."

 Driver's motion for a mistrial was denied. The Court instructed the jury that they must disregard any suggestion, implication or reference to possible previous criminal activities of Driver. "The admonition to the jury by the trial judge was sufficient to expunge any possible prejudice to the defendant and as such, the error [if indeed there was error] was harmless only." Russell v. United States, 5 Cir. 1970, 429 F.2d 237, 239.

Affirmed.