COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Willis and Annunziata
Argued at Richmond, Virginia


JEREMY M. VESSELS

                                    MEMORANDUM OPINION* BY
v.    Record No. 2285-99-2          JUDGE ROSEMARIE ANNUNZIATA
                                        NOVEMBER 21, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                        John W. Scott, Jr., Judge

            Donald M. Haddock, Jr. (Roberts, Ashby &
            Parrish, on brief), for appellant.

            Robert H. Anderson, III, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     On March 18, 1999, the appellant, Jeremy Vessels, was

convicted of malicious wounding and the use of a firearm in the

commission of the malicious wounding.  On appeal he alleges his

conviction should be reversed on the grounds that (1) the failure

to properly arraign him constituted a denial of his constitutional

right to be informed of the charges against him, and (2) the

variance between the information in the bill of particulars

provided by the Commonwealth and the evidence the Commonwealth

produced at trial prejudiced Vessels in his preparation for trial.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Because we find Vessels's appeal is procedurally barred under Rule 5A:18, we affirm.

BACKGROUND

Guided by well established principles, we review the evidence in the light most favorable to the Commonwealth, the party prevailing below. Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). On January 22, 1999, Vessels was arraigned in a group during which the trial judge informed the group of defendants that they had the right to have their indictments read to them and that they could waive that right. However, the judge never asked the defendants if they wished to waive their right to the reading of the indictments lodged against them, nor did he read the charges to the defendants. At the arraignment, Vessels, through his attorney, pled not guilty to the two charges against him.

The crimes with which Vessels was charged stemmed from a shoot-out in an alley between two groups of people. During the shoot-out, a bullet entered the side of Shirley Minor's home, striking her in the leg. The evidence presented at trial showed that Vessels had fired a handgun and that at least one member of the opposing group was returning fire with a shotgun. Although the police found holes from both a handgun and a shotgun on the exterior of Minor's home, the shotgun holes did not completely penetrate the side of the house. The police thus concluded that

-

Minor had been shot with a handgun and that Vessels had been the shooter.

Before the trial the Commonwealth filed a bill of particulars. In the bill, the Commonwealth stated that "[s]everal witnesses will testify that Jeremy Vessels was seen walking in the direction of Mrs. Minor's home just minutes before she was shot" and that "Mrs. Minor was shot with a shotgun." At the trial, the Commonwealth presented witnesses who testified that they actually saw Vessels in the alley. One witness testified that she actually saw Vessels fire his gun, and another witness testified that she saw Vessels reach into his pants to remove something. In addition, the evidence demonstrated that Minor had been shot by a handgun, not a shotgun, and that the shotgun was actually used by the group firing at Vessels.

Thus, the bill of particulars varied from the evidence presented at trial in that it misstated the type of gun used to commit the crime and it understated what the witnesses had seen and would testify to. Vessels alleges that he was prejudiced by this variance in that the bill of particulars misled him in his preparation for trial.

## ANALYSIS

The Commonwealth alleges that both of Vessels's claims are barred under Rule 5A:18 because he failed to raise either of the issues at any of the proceedings below. We agree.

-

Rule 5A:18 provides, in relevant part, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

At no point during any of the proceedings below did Vessels raise either of the issues he alleges here on appeal. These issues were therefore not properly preserved for appeal. Rule 5A:18.

Furthermore, Vessels has failed to show good cause for not previously raising these objections and as the record fails to affirmatively disclose that a miscarriage of justice has occurred, we decline to invoke the "ends of justice" exception to Rule 5A:18. See Reed v. Commonwealth, 6 Va. App. 65, 70, 366 S.E.2d 274, 277 (1988) ("The 'ends of justice' provision is a narrow one that allows consideration when the record affirmatively shows that a miscarriage of justice has occurred.").

When the court informed Vessels of his rights and asked whether he had discussed the charges with his attorney and understood the charges against him, Vessels answered in the affirmative. Vessels then voluntarily entered a not guilty plea. We therefore find that a miscarriage of justice has not occurred and decline to invoke the "ends of justice" exception as to this issue.

-

We likewise find that the "ends of justice" exception may not be invoked with respect to Vessels's second point of error, which is based on an alleged variation between the bill of particulars and the evidence presented at trial. The variances were not substantial. Vessels was charged with maliciously wounding Minor, and although the bill of particulars specified that Minor had been shot with a shotgun, rather than a handgun, a variance concerning the weapon used in the charged crime is not material. Ridgeway v. Hutto, 474 F.2d 22 (8th Cir. 1973). Additionally, the Commonwealth is not required to set forth its whole case and all of its evidence in a bill of particulars. Here, the Commonwealth informed Vessels that it had witnesses who could place him at the scene of the crime. Although the testimony of the witnesses was more detailed than the information contained in the bill, the bill informed him of the nature of the charges against him. Nothing more was required under Virginia law. See Strickler v. Commonwealth, 241 Va. 482, 490, 404 S.E.2d 227, 233 (1991) (the purpose of the indictment and bill of particulars is to make the defendant aware of the "nature and character" of the charges against him). In addition, the record does not show that Vessels was surprised by the Commonwealth's variant proof, nor did he request a continuance after hearing the variant proof for the purpose of preparing a new defense. Ridgeway, 474 F.2d at 24.

In sum, we find that Vessels's two claims are barred under Rule 5A:18 because he failed to raise these issues prior to his

-

appeal, and there is no reason to invoke the "ends of justice" exception in this case as the record fails to show that a miscarriage of justice has occurred.  Accordingly, we affirm the judgment.

<u>Affirmed</u>.