IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51218
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus


ROBERT LEE MORRISON,

                                        Defendant-Appellant.


_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. A-00-CR-62-All-JN
_____
September 27, 2001

Before GARWOOD, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

        Robert Lee Morrison appeals his conviction, following entry of
a guilty plea, for possession with intent to distribute more than
50 grams of crack cocaine.  Morrison contends that his plea was
involuntary because he was not admonished at rearraignment of his
rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to have
the Government prove and the jury determine the drug quantity

_____

        [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

beyond a reasonable doubt. Morrison contends that the superseding information was fatally defective because it reported that he committed the drug offense four months after he entered a plea to the charge. Morrison contends that his attorney provided ineffective assistance because counsel did not object to the lack of an *Apprendi* admonishment and did not challenge the alleged defective charging instrument.

We have reviewed the record and the briefs submitted by the parties and hold that all requirements of Rule 11 were met in this case. *See* Rule 11(c); *United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000). Moreover, any error would be harmless. *United States v. Reyna*, 130 F.3d 104, 112 (5th Cir. 1997); *United States v. Coronado*, 554 F.2d 166, 173 (5th Cir. 1977). We further hold that Morrison has not shown reversible error in conjunction with his claim that the obviously typographical date error in the superseding information rendered the charging instrument void. *Berger v. United States*, 55 S.Ct. 629, 630 (1935), *overruled on other grounds*, *Stirone v. United States*, 80 S.Ct. 270 (1960); *Russell v. United States*, 429 F.2d 237, 238 (5th Cir. 1970). Finally, Morrison has not shown that counsel's performance was objectively unreasonable. *See Strickland v. Washington*, 104 S.Ct. 2052, 2065-68 (1984); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (counsel not deficient for failing to raise legally meritless claim). Accordingly, the judgment of the district court

2

is

AFFIRMED.