IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11504
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

LEONILA PALMA

                    Defendant - Appellant

                    --------------------
          Appeal from the United States District Court
               for the Northern District of Texas
                   USDC No. 5:01-CR-47-21-C
                    --------------------
                    September 13, 2002

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

     Leonila Palma appeals her conviction and sentence for one

count of conspiracy, three counts of possession with the intent

to deliver cocaine, and one count of possession of a firearm in

furtherance of a drug offense.  For the first time on appeal,

Palma contends that her attorney rendered ineffective assistance

by (1) failing to object and move for a mistrial when Palma's

codefendant pleaded guilty immediately prior to the last day of

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

trial, (2) failing to move for judgment of acquittal, and (3) failing to request a minor participant offense level reduction pursuant to U.S.S.G. § 3B1.2.

Generally, claims of ineffective assistance of trial counsel may not be litigated on direct appeal unless they were adequately raised in the district court. United States v. Rivas, 157 F.3d 364, 369 (5th Cir. 1998). When such claims are raised for the first time on direct appeal, this court will address the claims only "'in rare cases where the record [allows the court] to evaluate fairly the merits of the claim.'" Id. (quoting United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987)). This appeal represents one of those rare cases.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 689-94 (1984).

Palma first argues that trial counsel provided ineffective assistance by failing to lodge an objection and move for a mistrial when codefendant Mario Estrada Hernandez pleaded guilty prior to the commencement of the last day of trial. She maintains that the jury likely inferred that Hernandez pleaded guilty since his disappearance occurred shortly after Gilbert Ramirez, Jr. ("Beto"), the nephew of Jose Alfonso Ramirez

("Pepe") (who headed the drug organization that Palma was alleged to be involved with), offered testimony for the Government which implicated both Hernandez and Palma in the drug conspiracy. According to Palma, "Beto's testimony was the only evidence against [Hernandez] at that point in time." Palma contends that the timing of Hernandez's plea had the effect of bolstering Beto's testimony, which, in turn, negatively impacted the outcome of her case.

This court has instructed that "[a] statement advising the jury that a codefendant has pleaded guilty coupled with an instruction that such plea cannot be considered as evidence of the guilt of the remaining defendant will prevent improper inferences that the codefendants' [sic] absence has something to say for the remaining defendant's guilt." United States v. Beasley, 519 F.2d 233, 239 (5th Cir. 1975), vacated on other grounds, 425 U.S. 956 (1976). In cases where a codefendant's guilty plea is not disclosed, the jury should nevertheless receive, at a minimum, a cautionary instruction. Id. at 239 n.2.

Here, the district court gave a cautionary instruction both immediately following Hernandez's guilty plea and in its charge to the jury at the conclusion of the trial. Accordingly, the district court satisfied the minimum requirement for curing any prejudice that may have extended to Palma as the result of Hernandez's mid-trial decision to plead guilty. See Beasley, 519 F.2d at 239 n.2. Palma arguably benefitted from the

nondisclosure of Hernandez's guilty plea since that information could have led the jury to an improper assumption of Palma's guilt, especially in light of Beto's testimony implicating both defendants in the drug conspiracy. Given these circumstances, Palma has not demonstrated that her attorney's performance was deficient for purposes of satisfying the first prong of Strickland analysis, and her ineffective claim on this point is rejected.

Palma next argues that her attorney rendered ineffective assistance by failing to move for judgment of acquittal since there was insufficient evidence to support her convictions. Palma asserts that, had such a motion been made, she "very likely would have been acquitted." Alternatively, she contends that the district court's denial of the motion would have provided error for this court's review.

For sufficiency-of-the-evidence arguments properly raised on appeal, this court reviews the record to determine whether any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. See United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992). If a defendant fails to move for acquittal in the district court, however, appellate review is limited to the determination whether there was a manifest miscarriage of justice. See United States v. Laury, 49 F.3d 145, 151 (5th Cir. 1995).

Palma's sufficiency-of-the-evidence argument is not properly before this court since it is raised solely in the context of an ineffective assistance claim. Because Palma does not brief her sufficiency argument as a separate, independent issue, she has waived the claim, rendering moot her ineffective assistance argument on this basis. It is noted, however, that Palma makes reference in her brief to the manifest miscarriage standard of review, stating immediately thereafter that "this Court should review the sufficiency of evidence in this matter." Although it is doubtful whether this isolated reference and request preserves her sufficiency argument as a separate issue for purposes of appellate review, out of an abundance of caution, we address the evidentiary deficiencies identified by Palma.

Palma generally argues that there was insufficient evidence to support her convictions on all counts. With respect to her drug convictions, Palma contends that there was insufficient proof that she "committed the alleged offenses on the dates in question" and that she knowingly and intentionally possessed cocaine for distribution. She asserts that the lack of proof on the drug counts necessarily invalidates her conviction for possession of a firearm in furtherance of a drug trafficking scheme.

To prove that Palma was guilty of possession with the intent to distribute a controlled substance, the Government had to prove beyond a reasonable doubt that she (1) knowingly (2) possessed

the controlled substance (3) with the intent to distribute it.
United States v. Medina, 161 F.3d 867, 873 (5th Cir. 1998). To
obtain Palma's conviction on the drug conspiracy count, the
Government had to prove beyond a reasonable doubt that (1) an
agreement existed between two or more persons to violate the drug
laws; (2) Palma had knowledge of the agreement; and (3) Palma
voluntarily participated in the conspiracy. United States v.
Casilla, 20 F.3d 600, 603 (5th Cir. 1994). In order to prove a
violation of § 924(c), the Government had to prove that Palma
used or carried a firearm during and in relation to a drug-
trafficking offense. 18 U.S.C. § 924(c) (2000).

The evidence presented at trial revealed that, beginning in
2000 and continuing through May 2001, Palma's home was used as a
stash house by Pepe's drug trafficking organization.
Specifically, the organization stored large quantities of cocaine
in Palma's guest bedroom closet. The organization repackaged the
cocaine for street-level distribution on the guest bedroom
dresser. Pepe had a key to Palma's house, which he and other
members of the organization used to gain access to the drugs,
even when Palma was home. Pepe would contact Palma prior to
these visits to ensure that she was alone.

In addition to providing her home to facilitate Pepe's drug-
trafficking activities, Palma funneled cash to Pepe through his
nephew, Beto, and, on one occasion, accepted receipt of a cocaine
delivery intended for her daughter. Over the course of the drug

conspiracy investigation, agents documented approximately 100 telephone calls between Pepe and Palma, indicating that they remained in close contact.

On May 8, 2001, officers executed a search warrant on Palma's home. When asked if there were weapons in the house, Palma directed the officers to a fully-loaded Colt Cobra .30 caliber pistol that she kept under the mattress in her bedroom. Palma told the officers that she did not have a key to the guest bedroom closet, which was locked with an exterior-type door lock. Upon prying the closet door open, the officers recovered, among other things, approximately one-half kilogram of cocaine. An examination of used packaging material also found in the closet revealed that it had once contained an amount of cocaine equaling at least four and one-half kilograms.

Based on the foregoing, a reasonable jury could have found that the evidence established Palma's guilt beyond a reasonable doubt on all counts. See Martinez, 975 F.2d at 160-61. Palma played a pivotal role in the drug conspiracy and was aware of the large quantities of drugs being stored in her home. Given the fact that Palma was frequently left alone with drug quantities carrying considerable street value, the jury could have reasonably concluded that she possessed a firearm in furtherance of the drug trafficking scheme. Palma's assertion of insufficient proof that she "committed the alleged [drug] offenses on the dates in question" lacks merit since the evidence

of her conduct fell within reasonable limits of the "on or about" ranges of dates listed in her indictment. See United States v. Hernandez, 962 F.2d 1152, 1157 (5th Cir. 1992); Russell v. United States, 429 F.2d 237, 238 (5th Cir. 1970)(within reasonable limits, proof of any date prior to indictment's return and within statute of limitations is sufficient). Because the evidence reveals no sufficiency error under the more deferential standard of review, Palma can neither demonstrate that she was prejudiced by her attorney's failure to move for acquittal, nor that a manifest miscarriage of justice occurred.

Finally, Palma asserts that her attorney provided ineffective assistance by failing to move for a minor participant offense level reduction pursuant to U.S.S.G. § 3B1.2. A minor role adjustment is appropriate if the defendant was substantially less culpable than the average participant in the offense. United States v. Virgen-Moreno, 265 F.3d 276, 296 (5th Cir. 2001), cert. denied, 122 S. Ct. 843 (2002).

This court has held that a defendant who allows his property to be used as a stash house, and who is held accountable only for the drugs stored on the property rather than for the conduct of the entire drug enterprise, is not entitled to a minor role adjustment because his conduct was "coextensive with the conduct for which he was held accountable." United States v. Garcia, 242 F.3d 593, 598-99 (5th Cir. 2001). Palma objected to the PSR's original drug quantity calculation of 86.5 kilograms, asserting

that the "amount stored at her house never totaled more that 50 kilograms of cocaine." The parties agreed that the "proper attributable amount . . . should be at least 15 kilos but less than 50 kilos," Palma's guideline sentencing range was modified accordingly, and she was sentenced at the low-end of the revised range.

Because Palma's sentence was based on conduct in which she was directly involved, her role was not minor, but actually coextensive with the conduct for which she was held accountable. See Garcia, 242 F.3d at 598-99. Accordingly, her attorney did not render ineffective assistance by failing to move for a minor participant reduction.

Palma's conviction and sentence are AFFIRMED.