**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Robert AUSTIN, Defendant-Appellant.**

**No. 71-1292.**

United States Court of Appeals, Ninth Circuit.

Aug. 24, 1971.

**400**

James R. Austin, in pro. per.

Stanley L. Patchell, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before CARTER, KILKENNY and CHOY, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellant appeals from a conviction in a non-jury trial on two counts of an indictment charging transportation of the same vehicle, knowing it to have been stolen, from California to Arizona and from Arizona to New Mexico, in violation of 18 U.S.C. § 2312.

Appellant assigns nine grounds of error below. None have merit. We comment on several and affirm.

Appellant contends the evidence was insufficient to support the convictions. We consider the evidence in a light most favorable to the Government, as we must. The car in question had been rented to one Hilton James, who abandoned it in a parking facility at the San Francisco airport about July 5, 1969.

Appellant was licensed by the State of California as a collection agent and auto re-possessor. He had an agreement of some sort allowing him to pick up unclaimed or abandoned vehicles at the San Francisco airport parking facility.

Appellant obtained possession of the vehicle some time in the early part of July 1969. Appellant purchased gasoline for the car, with his credit card on July 7, 1969 in Burlingame, California. The car was next seen in a garage in San Francisco, on July 9, 1969, where appellant purchased gas for the car. He was accompanied by his wife and mother-in-law. Appellant asked the attendant to check the car carefully because it was going on a trip.

About the middle of July, appellant called the Budget Rent-a-Car, the owner of the car, stated he had information from an informant about the car, and asked that he be paid $100.00 for the information as to its whereabouts. The trial court found that at the date of this call, appellant knew the car belonged to Budget Rent-a-Car, and that appellant knew he had no right to the possession of the car.

In July, the car was driven from San Francisco, California to Tucson, Arizona by appellant's wife at appellant's direction and with his consent. He joined his wife in Arizona, and then drove the car into New Mexico, Texas and Colorado and back into Arizona. He abandoned the car in Tucson, Arizona.

In the latter part of August 1971, on his return to San Francisco, appellant again contacted Budget Rent-a-Car and demanded $200.00 for information as to the whereabouts of the car. The $200.-

00 was paid to the appellant and he revealed that the car was in Tucson, Arizona, where it was recovered by the owner.

Appellant made incriminating and conflicting statements to the FBI and to Weber, an investigator employed by the State of California.

The credibility of witnesses and the resolutions of conflicts in the testimony was for the trier of fact. We find the evidence clearly sufficient.

Appellant claims error in that no warning under Miranda v. United States, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, was given him by Weber prior to the interview. At the time of the interview, appellant was not in custody, had taken a friend along with him to the interview, was not restrained or coerced in any way, and knew prior to the interview the subject matter about which Weber desired to talk to him. No warning was required, even if Weber was a peace officer.

Appellant claims error in that the indictments state the date of the transportation as "on or about August 29, 1969," when in fact the correct dates were some time after July 9, 1969, for the transportation from San Francisco to Arizona, and some time before August 25, 1969 for the transportation from Arizona to New Mexico. Generally, exact dates are not required so long as they are within the statute of limitation, United States v. Covington (4 Cir. 1969), 411 F.2d 1087, and no prejudice is shown. Appellant has made no showing as to how he was prejudiced.

Appellant complains of inadequate representation by trial counsel. An examination of the record demonstrates this contention has no merit.

Finally, to enumerate appellant's other contentions is to demonstrate their lack of merit; (1) that the written waiver of jury trial, signed in open court, together with an oral request for jury waiver, was not a knowing waiver of jury trial; (2) that the prosecution of appellant was not called for under Department of Justice guidelines for Dyer Act prosecutions. (The alleged guidelines are not part of the record).

The judgment is affirmed.