**UNITED STATES of America,**

v.

**Edward Walter DANISZEWSKI,
Defendant.**

**No. 73 CR 212.**

United States District Court,
E. D. New York.

Aug. 15, 1974.

---

**114**

Frederick H. Cohn, New York City, for defendant.

Robert L. Clarey, Brooklyn, N. Y. (David G. Trager, U. S. Atty., of counsel) for the Government.

## MEMORANDUM and ORDER

DOOLING, District Judge.

Defendant moves to dismiss Count 8 of the indictment, which reads:

"On or about the 1st day of February 1973 at Thailand, the defendant EDWARD WALTER DANISZEWSKI did knowingly and intentionally distribute approximately 8 ounces of heroin hydrochloride, a schedule I narcotic drug controlled substance, at the time intending that such heroin hydrochloride would be unlawfully imported into the United States."

The indictment is found under the following language of 21 U.S.C. § 959(1)—

"It shall be unlawful for any person to . . . distribute a controlled substance in schedule I . . .—

(1) intending that such substance will be unlawfully imported into the United States; . . .

\* \* \* \* \* \*

This section is intended to reach acts of . . . distribution committed outside the territorial jurisdiction of the United States."

\* \* \* \* \* \*

An additional clause establishes venue for trial and Section 960(a)(3) fixes the penalty.

The defendant, it is conceded, is a citizen of the United States.

Defendant argues that, generally, laws proscribing conduct and attaching criminal penalties to the commission of the proscribed acts have no extra-territorial operation (cf. American Banana Co. v. United Fruit Co., 1909, 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826), and that the only clear, and the exceptional, instances of permitted extra-territoriality are those resting on the Protective Principle of jurisdiction, that is for statutes proscribing conduct abroad that threatens the nation's security as a state or the operation of its governmental functions, provided the proscribed conduct is not an exercise of a liberty authorized by the law of the place where it takes place or that it is recognized generally, as criminal conduct (United States v. Pizzarusso, 2d Cir. 1968, 388 F.2d 8, 10–11).

"Extraterritorial jurisdiction," in the sense of enacting criminal laws that can claim respect under international law, is considered in the 1970 Study Draft of a New Federal Criminal Code

prepared by the staff of The National Commission on Reform of Federal Criminal Laws (Section 208), and in Volume I of Working Papers, pages 69–76. The Code, § 208, would consider that there was a basis for extra-territorial jurisdiction over an offense (*inter alia*) when

"(d) the accused participates outside the United States in a federal offense committed ·in whole or in part within the United States, or the offense constitutes an attempt, solicitation, or conspiracy to commit a federal offense within the United States. . . ."

The jurisdiction envisaged in Section 208(d) is styled *"objective" territorial* jurisdiction: it embraces conduct every element of which is performed abroad but which (as perhaps in Section 959(1)) significantly foreshadows the commission of an offense within the territorial jurisdiction of the United States, *e. g.,* the offense of 21 U.S.C. § 952—unlawful importation of a narcotic drug. Strassheim v. Daily, 1911, 221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735, as Judge Medina noted in *Pizzarusso,* furnished one definition of the "objective territorial principle"—as a jurisdiction embracing "Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it . . ." *Strassheim* was an interstate, not an international case, and the Court seems to require proof that the objective within the proscribing state be achieved, which Section 208(d) would not require. *Cf.* United States v. Williams, 2d Cir. 1972, 464 F.2d 599, 601; Marin v. United States, 5th Cir. 1965, 352 F.2d 174, 177–178. Indeed, little need exists in such a case to rely on extra-territoriality. Causing a criminal intrusion is surely punishable if physical jurisdiction can be obtained over the person of the perpetrator. *Pizzarusso,* however, is explicit that although objective territorial jurisdiction does require both the local effect and the foreign acts, protective jurisdiction does not. 388 F.2d at 11. *Cf.* United

States v. Vicars, 5th Cir. 1972, 467 F.2d 452, 456.

The "Working Papers" Memorandum does not regard Section 208 of the draft Code as going beyond existing law "for the most part." Working Papers, etc. Vol. I, p. 70. *Cf.* 1 Oppenheim's International Law § 147 (8th ed. 1955). The Memorandum notes, too (at pp. 72–73), that beside the "territorial," "protective," etc. principles, the "nationality principle," determining jurisdiction by reference to the national character of the offender, has been given recognition in international law. "Thus, citizens could presumably be prosecuted for any conduct abroad regardless of the nature of the offense or its effect within United States territory, by reliance on the nationality principle." See Blackmer v. United States, 1932, 284 U.S. 421, 436–437, 52 S.Ct. 252, 76 L.Ed. 375.

Restatement of the Law, Second, Foreign Relations Law of the United States (American Law Institute 1965) recognizes (in addition to territorial jurisdiction) jurisdiction based on acts abroad producing effects within the enacting state (objective territorial jurisdiction, Section 18), jurisdiction to prescribe a rule of law attaching legal consequences to the conduct of the state's own nationals wherever the conduct occurs (Section 30), and jurisdiction based on the "Protective Principle" (Section 33). It does *not appear to articulate the jurisdiction* visualized in the Draft Code, Section 208(d), but it .does not exclude it as an assertion of jurisdiction that would of necessity be challenged as violative of comity among nations.

 Against this background it may not be said that the United States was without jurisdiction under Section 959(1) to indict defendant for the acts in Thailand charged against him in Count 8. There is artificiality of limitation in treating jurisdiction based on the Protective Principle as confined to those species of conduct abroad that threaten certain narrowly defined inter-

ests in the security of the enacting state and in the integrity of its governmental operations (*e. g.*, visa fraud, counterfeiting) and in excluding those acts abroad which threaten the peace of the enacting state as that peace lies in the security of its citizens from criminal intrusion. The draft Code in Section 208(d) seems to go further, and to be rooted in the surely valid concept that acts abroad aimed at producing effects within the enacting state are properly a head of jurisdiction notwithstanding that they fail of their local effect. The Section 208(d) theory of jurisdiction cannot be limited to what is traditionally a "conspiracy" or an "attempt"; a significant causational relation to an effect within the enacting state (even though the effect never takes place) is the jurisdictional principle, and it has no special semantic confines. Here, moreover, in any event, the challenge to Count 8 and Section 959(1) is by a citizen for whose conduct the United States may validly prescribe rules of law whether the conduct occurs here or abroad. Section 959(1) does not in terms confine its proscription to the conduct abroad of United States nationals. However, determination of the present motion need not be rested exclusively on the nature and aim of the acts abroad (although Section 959(1) goes that far) where an independently sufficient ground of jurisdiction operates concurrently to authorize the specific exercise of jurisdiction to indict. Whether Section 959(1) can validly apply to acts abroad of non-resident aliens is not presented here, for defendant cannot raise the possible invalidity of Section 959(1) as to non-resident aliens, in the absence, certainly, of a showing, not here possible, that the statutory scheme would be so wholly frustrated if it could not validly apply to aliens that, had that been known, it would not have been enacted. See 21 U.S.C. § 901 (separability). Accordingly, it is

Ordered that the motion of defendant Daniszewski to dismiss Count 8 of the indictment is denied.