UNITED STATES of America, Appellee,

v.

**William Charles PAYTON, Defendant, Appellant.**

**No. 79–1045.**

United States Court of Appeals, First Circuit.

Argued Jan. 10, 1980.

Decided Feb. 25, 1980.

Mark L. Nestor, Waltham, Mass., by appointment of the Court, for defendant, appellant.

Robert B. Collings, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before ALDRICH, Circuit Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Defendant appeals from his conviction for violating 18 U.S.C. § 2113(d) arguing (1) error in the district court's denial of his motion to suppress certain inculpatory statements defendant made after his indictment but without the presence of an attorney and (2) ineffective assistance of counsel. Several days after argument we affirmed defendant's conviction in a brief unpublished opinion but subsequently withdrew our judgment and opinion *sua sponte* in order to consider an argument suggested by *Carvey v. LeFevre*, 611 F.2d 19 (2d Cir. 1979), a decision that had just come to our attention.

I.

Defendant was indicted on May 10, 1978 for armed robbery of the Capitol Bank and Trust Company in Boston, and an arrest warrant issued on the indictment. He was arrested on May 26, 1978 at which time he made the incriminating statements which are the subject of his motion to suppress. Defendant contends the government failed to sustain its burden of proving defendant knowingly and voluntarily waived his right to remain silent and his right to counsel.

While the district court made no findings of fact on defendant's motion to suppress, its ruling denying the motion is to be upheld if any reasonable view of the evidence supports it. *United States v. Lewis*, 528 F.2d 312, 314 (4th Cir. 1975); *United States v. Montos*, 421 F.2d 215, 219 n.1 (5th Cir.), *cert. denied*, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970). We review the evidence which consists exclusively of the testimony of the arresting officer, Special Agent Nadeau.

Agent Nadeau testified that in response to his (Nadeau's) request, defendant met him at Roxbury Community College on May 26, 1978. The purpose of the meeting was to place defendant under arrest though defendant had not been so informed. Agent Nadeau arrested defendant, placed him in a Bureau automobile, and immediately advised him of his *Miranda* rights. Defendant indicated he understand his rights, and he was then transported to the Federal Building in Boston. While some pleasantries were exchanged en route no incriminating statements were then made. Upon arrival at the Federal Building, defendant was processed and again formally advised of his rights. He stated he was aware of and understood his rights, but he refused to sign the Advice of Rights form. Agent Nadeau told him an interview regarding the June 3, 1976 robbery of the Capitol Bank and Trust Company was desired, and defendant responded that "he had no objection to answering questions at this point and that in the event the questions became specific, he would at that time request that an interview be ended." Agent Nadeau then told

defendant he had information that defendant had been a participant in the Capitol Bank and Trust Company robbery, and that defendant had been indicted for this robbery. In response to further comments and questions, defendant made certain inculpatory statements. He said that the act of performing a bank robbery "took a certain amount of courage" and was an exhausting type of activity. He indicated that mistakes in timing—failing to coordinate the robbery with the appearance of a Brinks delivery truck—accounted for the small amount of money obtained, but his portion of the money had not been rendered useless by the detonation of a security pack containing red dye. Defendant also asked Agent Nadeau what recommendation the United States Attorney would make were a participant in a bank robbery to relate his role. Agent Nadeau refused to respond. Defendant at no time requested the questioning be stopped. Later on, defendant was arraigned, and counsel was appointed at that time.

■ We are satisfied that, under a reasonable view of the evidence, defendant was informed of his rights; that he understood them; and that he voluntarily, knowingly, and intelligently waived them. *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979).

The Second Circuit has recently held that a defendant subjected to custodial interrogation after indictment cannot execute an intelligent waiver of his sixth amendment right to counsel if he is not informed of the pending indictment. *Carvey v. LeFevre*, 611 F.2d 19 (2d Cir. 1979). The court reasoned that "[w]ithout knowledge of a pending indictment, [an] accused cannot appreciate the gravity of his legal position or the urgency of his need for a lawyer's assistance." 611 F.2d at 22. We need not decide whether and to what extent to adopt the Second Circuit's position, since here the record indicates that defendant was advised of the fact of his indictment for bank robbery after receiving *Miranda* warnings and before he had made any incriminating statement. In that and other respects, he was

afforded sufficient information to enable him to make an intelligent waiver of his rights. Furthermore, unlike the situation in *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 19 L.Ed.2d 246 (1964)—a case upon which defendant relies—he knew his interrogator was a government agent. That defendant understood his rights, and also how to exercise them, is manifested by his statement that he would request the interview be terminated if the questioning became too specific.

Defendant argues, however, that because he refused to sign the Advice of Rights form and because there is no evidence in the record that he expressly acknowledged his right to counsel and stated he was willing to waive that specific right, a valid waiver cannot be found. A similar argument was rejected in *North Carolina v. Butler, supra*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286. There, a defendant advised of his *Miranda* warnings upon arrest refused to sign an Advice of Rights form but stated he understood his rights and would talk to the agents. The Court, rejecting the *per se* approach of the North Carolina Supreme Court which would have required a specific and express waiver of the type defendant urges, stated,

> "An express written or oral statement of waiver of the right to remain silent or of the right to counsel . . . is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case."

*Id.*, 441 U.S. at 373, 99 S.Ct. at 1757.

To be sure, the defendant in *Butler* was not under indictment at the time of his custodial interrogation. While an indictment might be significant if ignorance of it precludes a defendant from being able to appraise his position and therefore from making an intelligent waiver—the Second Circuit position—it is not a distinguishing factor in the circumstances of this case since defendant was told of the indictment. Nor does *Brewer v. Williams*, 430 U.S. 387,

97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), prevent a finding of a valid waiver, for the defendant here, unlike the defendant in *Williams,* had not consistently relied upon his right to counsel prior to or during the interrogation. *See United States v. Patman,* 557 F.2d 1181, 1182 n.1 (5th Cir. 1977), *cert. denied,* 441 U.S. 933, 99 S.Ct. 2054, 60 L.Ed.2d 661, which is substantially on all fours with the instant case. We conclude the district court did not err in denying defendant's motion to suppress.

## II.

■ There is no basis in the record properly before us to support defendant's argument that he was denied effective assistance of counsel. Where such a claim is dependent upon matters outside the trial record, it must be presented to the district court in the first instance. *See United States v. DeCoster,* 159 U.S.App.D.C. 326, 333–334, 487 F.2d 1197, 1204–05 (D.C.Cir. 1973). The government's motion to strike affidavits is granted, and the defendant's conviction is affirmed.

*So ordered.*