**UNITED STATES of America, Appellee,**

v.

**Yves BELIARD, a/k/a Josue C. Charles, Defendant, Appellant.**

**No. 79–1237.**

United States Court of Appeals, First Circuit.

Argued Feb. 5, 1980.

Decided April 11, 1980.

Jose C. Aponte, Jr., Santurce, P. R., for defendant, appellant.

Jose A. Quiles, U. S. Atty., Old San Juan, P. R., for appellee.

Before COFFIN, Chief Judge, WISDOM,* Senior Circuit Judge, and CAMPBELL, Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Yves Beliard was convicted under 8 U.S.C. § 1324 for inducing and encouraging the unlawful entry of aliens into the United States and under 18 U.S.C. § 1546 for evasion of the immigration laws. Beliard appeals raising a host of issues, none of which we find meritorious.

■ The first count of the indictment, charging the section 1324 violation, states,

"On or about January 17, 1979, at the San Juan International Airport, Carolina, Puerto Rico, in the District of Puerto Rico, and within the jurisdiction of this Court, YVES BELIARD, AKA JOSUE C. CHARLES, the defendant herein, did wilfully, knowingly and unlawfully encourage and induce the entry into the United States of at least three (3) aliens not lawfully permitted to enter or reside within the United States . . .."

Beliard's main contention apparently is that as much of the evidence introduced at trial focused on preparatory acts performed by him in Haiti or while in transit, prior to his arrival with the aliens in United States territory, there was insufficient proof to provide jurisdiction under section 1324 or to support the specific allegation in the indictment that the crime occurred at the airport in Puerto Rico where Beliard and the aliens were apprehended with false papers. Several circuits have recently confronted and answered affirmatively the question whether a section 1324 conviction may be sustained where defendant's acts of "inducement or encouragement" took place outside of the United States, United States v. Castillo-Felix, 539 F.2d 9, 13 (9th Cir. 1976); United States v. Williams, 464 F.2d 599 (2d Cir. 1972), and we are in agreement with this authority. Furthermore, the evidence in this case shows that Beliard accompanied the three aliens to Puerto Rico (i. e., to the United States), was apprehended with them at the airport in the District of Puerto Rico

in the very act of entering illegally, and would have continued with the aliens to New York had his plan not been interrupted. Beliard's actions at the airport were thus part of a continuing scheme of "inducement and encouragement," cf. 18 U.S.C. § 3237, launched prior to arrival there and not slated to end until the chosen final destination had been reached by all those involved. We think the indictment could reasonably allege that the crime occurred at the San Juan airport—this was the planned point of impact of Beliard's unlawful conduct and the place where he was apprehended; and further, venue was properly in the District Court for the District of Puerto Rico. See Castillo-Felix, supra, 539 F.2d at 13; Williams, supra, 464 F.2d 599; Fed.R.Crim.P. 18; 18 U.S.C. §§ 3237, 3238.

■ Beliard argues that at any rate there was insufficient evidence to prove that he encouraged or induced the three aliens to enter the United States unlawfully or that, as alleged in the second count of the indictment, he attempted to evade the immigration laws by appearing for entry under an assumed name. We have reviewed the record and find this argument to be completely without foundation. Beliard's contentions that some of the evidence used to support his conviction under the second count was the product of an unlawful search, and that there was an unreasonable delay between the time he was first questioned by Immigration Officials and later searched by them are also without substantial merit. See Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973); 8 U.S.C. § 1357. Cf. United States v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974).

■ Beliard contends that he was unfairly surprised by the introduction at trial of three visa applications obtained by the government from the American Consulate in Haiti. Beliard claims that he was not made aware of the existence of these documents until the day prior to their introduc-

---

* Of the Fifth Circuit, sitting by designation.

888

tion, and that such behavior by the government contravened its grant to the defense of full discovery. The government countered that it had alerted Beliard the moment that it found the papers in an Immigration Department file. Even were we to assume some sort of surprise from the introduction of the documents, although the district court found none, the evidence was cumulative and of limited import. We find no error or abuse of discretion in the court's ruling to admit these documents and in no event was their admission so prejudicial as to mandate reversal. See Fed.R.Crim.P. 52(a).

 Beliard challenges the district court's failure to be swayed by certain facts in considering his eligibility for a Youth Act Sentence, see 18 U.S.C. § 5005 et seq., and its refusal to impose a more lenient adult sentence. These arguments present no grounds for reversal. The factors relied upon (or ignored) by a district court in refusing to grant a Youth Act disposition are, practically speaking, beyond review. Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). Likewise, we are without authority to reverse this adult sentence which was imposed within statutory and constitutional limits. Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405 (1958); Dorszynski, supra, 418 U.S. at 431–32, 94 S.Ct. at 3047.

 Beliard states in his brief that the district court, after the jury retired, improperly responded to a jury request for additional instructions on the concepts of "encouraging and inducing" out of the presence of the defendant or his counsel. See Fed.R.Crim.P. 43(a). The judge is said to have advised defense counsel of this occurrence when counsel returned from lunch. There is, however, no indication in the record that the judge announced that such an occurrence had transpired, nor of the purported judge-jury interchange itself.* Nowhere does it appear, moreover, that Beli-

ard's counsel ever objected to the court's purported action or moved for a mistrial, or a new trial, although, as indicated in appellant's brief, he was purportedly made aware of the matter before the jury brought in its verdict. In these circumstances, where we have no inkling from the record as to the nature, substance or even occurrence of the court's supposedly improper conduct, we are unable to consider the issue raised. See Fed.R.App.P. 10(b) and (c); 9 Moore's Federal Practice ¶ 210.05[1] at 1618–19, ¶ 210.-06[1] at 1630, 1979–80 Cumulative Supplement at 190; United States v. Dunham Concrete Products, Inc., 475 F.2d 1241, 1251 (5th Cir.), cert. denied, 414 U.S. 832, 94 S.Ct. 65, 38 L.Ed.2d 66 (1973). Cf. United States v. Payton, 615 F.2d 922, at 925 (1st Cir. 1980). We have reviewed all of Beliard's contentions and find no grounds for reversal.

Affirmed.

---

* The record does contain a handwritten note from the jury foreman, stating in its entirety, "We have different opinions about the definition of the first accusation." What was done by the court, if anything, in response to this note is, however, not indicated.