UNITED STATES of America, Appellee,

v.

Sara Maria NUNEZ, Reyes Torres Troche, Manuel O. Nunez, Defendants, Appellants.

No. 80–1837.

United States Court of Appeals, First Circuit.

Argued Nov. 2, 1981.

Decided Dec. 10, 1981.

---

Lorenzo O. Caban Arocho, Mayaguez, P. R., for defendants, appellants.

H. Manuel Hernandez, Asst. U. S. Atty., San Juan, P. R., with whom Raymond L. Acosta, U. S. Atty., San Juan, P. R., was on brief, for appellee.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

The government charged appellants, in a two count indictment, with "aiding and abetting each other" in encouraging and inducing "the entry into the United States of aliens not lawfully entitled to enter or reside" there.[1] Appellants waived a jury trial. They were convicted, sentenced to terms of imprisonment ranging from six months to two years, and placed on five years probation. They raise a number of objections to their convictions and sentences, all of which we find to be without merit.

■ Appellants' major argument is that Count I of the indictment (which relates to the illegal aliens Marta Linares Ramirez and Ruth Esther Linares Ramirez) is insufficiently specific about the date of the offense. That count charges that the offense took place "on or about 1977, the exact dates to the grant jury unknown." Although it is unusual for an indictment not to pin down the date of the crime with

---

1. *See* 8 U.S.C. § 1324(a)(4), which provides:
   (a) Any person ... who—
   . . . .
   (4) willfully or knowingly encourages or induces, or attempts to encourage or induce, either directly or indirectly, the entry into the United States of—

   any alien ... not lawfully entitled to enter or reside within the United States ... shall be guilty of a felony....
   *And see* 18 U.S.C. § 2(a), which provides:
   (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

greater specificity than this, it is nonetheless hornbook law that "great generality in the allegation of date" is allowed, 1 Wright, *Federal Practice and Procedure: Criminal* § 125 at 246–47—at least where, as here, the exact time of the crime's commission is not important under the statute allegedly violated. *See United States v. Antonelli*, 439 F.2d 1068, 1070 (1st Cir. 1971), and 8 U.S.C. § 1324(a)(4). "Generally, exact dates are not required so long as they are within the statute of limitation . . . and no prejudice is shown." *United States v. Austin*, 448 F.2d 399, 401 (9th Cir. 1971) (citation omitted). In a case such as this one, the allegation of time "is not regarded as going to an essential element of the crime, and, within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient." Wright, *supra*, at 247. *See also United States v. Vahalik*, 606 F.2d 99, 100 (5th Cir. 1979); *Russell v. United States*, 429 F.2d 237, 238 (5th Cir. 1970).

■ The charge in this instance would seem "reasonable." The government states, and appellants do not deny, that the witnesses were unable to be more specific as to date. Moreover, the facts at issue were scarcely concealed from or unknown to appellants. Under the Jencks Act, appellants were provided with the government's evidence, including the statements of the relevant witnesses, long before trial. The two aliens named in Count I of the indictment lived in the house of and worked for one of the appellants and were personally known to all of them. Appellants, in short, knew virtually as much about the government's evidence, including the evidence about the date, as did the government. As imprecise as the date charged in Count I of the indictment was, it fell plainly within the applicable five year statute of limitations. *See* 18 U.S.C. § 3282. No other special factor here makes the indictment's language unfair or prejudicial.

Appellants seek to bolster their argument by pointing out that on November 6, 1980, in response to a request for more specific information about dates, an assistant United States attorney wrote that the events charged in Count I took place in February 1978. The government agrees that its answer in this letter was mistaken. It discovered its mistake at a pretrial conference held one week later on November 14. It immediately told appellants' counsel that the February date was wrong and that it would rely instead upon the dates charged in the indictment.

We are aware of no prejudice that this mistake could have caused appellants. Appellants knew about the government's claim as to date for at least a month prior to November 6. They had received the Jencks Act material with the alien witnesses' statements two months before November 8. At most they were under a misapprehension about the relevant date for eight days. And any misapprehension was cleared up ten days before trial. We consider the government's "February" response, then, as of no more consequence than a minor variance between a date charged in an indictment and a date proved at trial—a variance that generally does not warrant reversal. *See, e.g., United States v. Antonelli*, 439 F.2d at 1070; *Russell v. United States*, 429 F.2d at 238. *See generally* Wright, *supra*, at 247 & n.37.

■ Appellants' other claims are equally without merit. They argue that the district judge abused his discretion in sentencing them to more than probation. It is well-settled, however, that as an appellate court "we are without authority to reverse [an] adult sentence . . . imposed within statutory and constitutional limits." *United States v. Beliard*, 618 F.2d 886, 888 (1st Cir. 1980).

■ Appellant Sara Maria Nunez argues that she cannot be convicted because her actions allegedly took place in the Dominican Republic—outside the United States. It is clear, however, that an individual can be convicted of inducing and encouraging the unlawful entry of aliens into the United States even though the acts of inducement and encouragement take place abroad, *United States v. Beliard*, 618 F.2d at 887; *United States v. Castillo-Felix*, 539 F.2d 9,

 

13 (9th Cir. 1976), *United States v. Williams*, 464 F.2d 599, 601 (2d Cir. 1972), particularly where, as here, the aliens in fact enter this country.

▮ The remainder of appellants' claims consist of wide-ranging arguments as to why the witnesses against them ought not to be believed and why their evidence was more convincing than that of the government. As to those claims, we simply state that our review of the record convinces us that there was adequate lawful evidence upon the basis of which a rational trier of fact could have concluded beyond a reasonable doubt that appellants were guilty of the crimes charged. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Nardi*, 633 F.2d 972, 974 (1st Cir. 1980).

*Affirmed.*