942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Ronald BERTRAM, Petitioner-Appellant,
v.
Eddie S. YLST, Warden Respondent-Appellee.
 No. 89-55178.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1991.*
Decided Sept. 5, 1991.
 
 Before JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Ronald Bertram, a California state prisoner convicted for sexually abusing a child, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 * Bertram argues he was denied due process because the state's information failed to allege specific dates for some of the crimes with which Bertram was charged, thereby preventing him from establishing an alibi defense.
 
 
 4
 An accusatory pleading must contain sufficient information to enable a defendant to prepare a defense. United States v. Laykin, 886 F.2d 1534, 1542 (9th Cir.1989); United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir.1979). However, absent a showing of prejudice, an accusatory pleading is not deficient for failure to allege exact dates. United States v. Austin, 448 F.2d 399, 401 (9th Cir.1971).
 
 
 5
 Bertram was charged by information after a preliminary hearing. At the preliminary hearing, the state put forward its case against Bertram and Bertram had an opportunity to cross examine witnesses against him. Bertram has not claimed he was convicted for crimes different from the ones put forward at the preliminary hearing. Therefore, since Bertram had sufficient notice of the charges against him from the preliminary hearing, he was not prejudiced by the failure of the information to allege specific dates for every charge, and due process was not denied.
 
 II
 
 6
 Bertram argues the prosecution failed to provide him with exculpatory evidence, thereby denying him due process.
 
 
 7
 The prosecution's failure to disclose material evidence violates a defendant's due process rights. Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Agurs, 427 U.S. 97 (1976). However, "[e]vidence is material only if there is a reasonable probability that had the evidence been disclosed, the result of the proceeding would have been different such that the court's confidence in the outcome is undermined." United States v. Lai, 934 F.2d 1414, 1419 (9th Cir.1991).
 
 
 8
 Bertram alleges the prosecution failed to disclose evidence of a one-page report by a doctor who examined the alleged victim and found no evidence of sexual abuse. Assuming the prosecution failed to disclose this evidence, it was not sufficiently exculpatory to have made any difference in Bertram's trial. The report by the doctor directly contradicted statements by the medical expert who testified for Bertram at trial. Therefore, Bertram would not have chosen to introduce both the report and the testimony of his medical expert, and the testimony of the medical expert was more favorable for Bertram.
 
 
 9
 Since the allegedly withheld evidence would not have changed the outcome, Bertram has not stated a colorable claim due process was violated.
 
 III
 
 10
 Bertram argues he received ineffective assistance from counsel at his trial.
 
 
 11
 To demonstrate ineffective assistance, a defendant must show counsel's performance was deficient, and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In stating a claim of ineffective assistance, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy,' " Strickland, 466 U.S. at 689 (citation omitted).
 
 
 12
 Bertram argues that if his counsel possessed the one-page doctor's report (the same report Bertram has alleged the prosecution failed to disclose), his counsel should have introduced the report into evidence or called the doctor as a witness. As stated earlier, the doctor's report contradicted statements by the medical expert who testified for Bertram. Therefore, failure to introduce the report or call the doctor as a witness is consistent with sound trial strategy. Bertram has not stated a colorable claim he received ineffective assistance of counsel.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3