USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1706

 UNITED STATES,

 Appellee,

 v.

 DONALD PAUL DESIR,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ernest C. Torres, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 
 
 
 Scott F. Johnson and Stein, Volinsky & Callaghan, P.A. on
brief for appellant.
 Margaret E. Curran, United States Attorney, and Edwin J. Gale,
Assistant United States Attorney, on brief for appellee.

May 24, 1999

 
 

 Per Curiam. Upon careful review of the briefs and
 record, we conclude that this appeal clearly presents no
 substantial issue and that oral argument would not be of
 assistance to us. We note that many of defendant's appellate
 contentions are raised for the first time in this court.
 1. Entrapment. The confidential informant's
 testimony provided sufficient evidence that defendant was not
 entrapped. The jury apparently found the confidential
 informant credible notwithstanding his legal and financial
 motivations. This court cannot second-guess that credibility
 assessment, and the jury was not required to accept defendant's
 interpretation of the events. The jury instruction regarding
 entrapment was not plainly erroneous: the government's burden
 of proof and the element of predisposition were adequately
 described.
 2. Outrageous conduct. The reverse sting was not
 per se outrageous, even if it involved a paid informant and
 some level of "furtiveness, duplicity, and manipulation." See
 United States v. Gifford, 17 F.3d 462, 470-71 (1st Cir. 1994). 
 On the evidence presented, and had the issue been raised, it
 would have been reasonable to conclude that the investigatory
 methods employed by the government were not improper, let alone
 outrageous.
 3. Jury conduct. The district court's response to
 the jury's note about a "moral issue" was well within its
 discretion. The import of the note was clear enough, and the
 district court had no cause to investigate the matter or deal
 with it in any other way. The note did not signal a deadlock,
 and there were no evident grounds for a mistrial.
 We cannot say that the circumstances in which the
 jury reached unanimity warrant reversal in this case, nor can
 we say that the district court was required sua sponte to
 inquire further into the matter.
 4. Indictment. Even were defendant's belated
 challenge to the indictment not deemed waived, see Fed. R.
 Crim. P. 12(b)(2) & (f), in any event, the starting date of the
 conspiracy was not an essential element of the instant offense. 
 See United States v. Nunez, 668 F.2d 10, 11-12 (1st Cir. 1981).
 5. Jury instructions. Defendant's new objections
 to the instructions on flight, possession, and reasonable doubt
 do not pass the plain error test. The flight instruction
 properly allowed the jury to decide whether or not an inference
 of guilt was reasonable under the circumstances, and no more
 was required. See United States v. Rose, 104 F.3d 1408, 1417
 (1st Cir. 1997). Actual possession was not an issue in this
 case, and the district court adequately defined constructive
 possession. The reasonable doubt instruction did not require
 any more specific definition, and the district court's comment
 about the possible sources of reasonable doubt did not dilute
 the government's burden of proof. Taking the instructions as
 a whole, we perceive no likelihood that the jury misunderstood
 its obligations, notwithstanding that the word "should" may
 have appeared in the burden of proof instructions.
 6. Drug quantity. Defendant's sentencing factor
 manipulation claim fails because there was no showing of
 "extraordinary misconduct." See United State v. Montoya, 62
 F.3d 1, 4 (1st Cir. 1995). Even assuming that defendant's
 argument about U.S.S.G. 2D1.1 note 12 were properly presented
 to the district court and preserved for review, we cannot say
 that the district court clearly erred in attributing 5
 kilograms of cocaine to defendant, there being adequate
 evidence of defendant's intention and capability to proceed
 with the deal he negotiated.
 7. Prior conviction. On the present record, and
 in the context of defendant's challenge to the information
 filed under 21 U.S.C. 851, the district court correctly
 followed federal precedent and counted defendant's prior
 conviction. The plea was not infirm, even assuming that
 defendant was not informed about deportation consequences,
 because deportation is a collateral, as opposed to direct,
 consequence of an alien-defendant's conviction and therefore
 legally irrelevant to the plea. See United States v. Quin, 836
 F.2d 654, 655 (1st Cir. 1988), (citing, e.g., United States v.
 Yearwood, 863 F.2d 6, 7-8 (4th Cir. 1988)). 
 However, in light of the pending proceedings in the
 state courts, we recognize that there exists the possibility
 that the prior conviction could be vacated, in which event
 defendant may at that time bring that fact to the district
 court's attention, and seek appropriate sentencing relief in a
 proceeding under 28 U.S.C. 2255. We intend no prediction of
 the outcome of any such future proceeding.
 8. Motions. Counsel's motion to withdraw is
 denied. Defendant's pro se motion to dispense with oral
 argument is moot. Defendant is reminded that he is still
 represented by counsel, and, although he was granted leave to
 file a pro se supplemental brief, he has not been granted leave
 to file any other pro se filings in this court. 
 Defendant's pro se motion for summary reversal is
 denied as frivolous, to the extent that it is based on the
 government's non-specific response to a portion of defendant's
 pro se brief. To the extent that the motion is based on
 defendant's sister's affidavit raising a new allegation of jury
 misconduct, the motion is denied without prejudice. We will
 not consider the allegation raised for the first time on
 appeal, which must be submitted to the district court in the
 first instance. We intend no comment on its merits, if any.
 Affirmed. See 1st Cir. Loc. R. 27.1.