UNITED STATES of America,
Plaintiff,

v.

Ellery AGARD, Defendant.

No. 1:07–CR–086.

United States District Court,
D. North Dakota,
Southwestern Division.

Jan. 29, 2008.

Orell D. Schmitz, Federal Public Defender Office, Bismarck, ND, for Defendant.

Rick L. Volk, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

## ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS

DANIEL L. HOVLAND, Chief Judge.

Before the Court is defendant Ellery Agard's "Motion for Bill of Particulars" filed on January 18, 2008. The Government filed a response opposing the motion on January 25, 2008. For the reasons set forth below, the motion is denied.

## I. BACKGROUND

On October 3, 2007, defendant Ellery Agard was arraigned on a six-count indictment. Agard requests a bill of particulars with respect to Counts Two through Six. Count One of the indictment charges Agard with abusive sexual contact with a minor, relating to conduct involving T.R.S. Counts Two through Six charge Agard with sexual abuse of a minor, relating to conduct involving K.M. *See* Docket No. 2. On December 13, 2007, Agard was arraigned on a superceding indictment. The superceding indictment modified the language contained within Count One of the indictment and did not add any new charges or modify Counts Two through Six.

Counts Two through Six allege sexual abuse relating to K.M. that occurred "from about December 2006 until January 2007." *See* Docket No. 2. Each count charges a different sexual act, summarized as follows:

Count Two: contact between the mouth and vulva

Count Three: contact between the penis and the vulva

Count Four: contact between the penis and anus

Count Five: contact between the mouth and penis

Count Six: the penetration of the genital opening by hand and finger, and the intentional touching, not through the clothing, of the genitalia.

Agard argues that K.M. has claimed 14 separate dates upon which sexual contact took place between her and the defendant. Agard argues that it is impossible for him to prepare a defense because he is unable to determine which incidents of sexual contact he must defend at trial. Agard further argues that, if he is convicted, it will be impossible to determine upon which incidents the jury has determined guilt. The Government contends that time is not a material element of the offense and it is not required to plead or prove the precise dates of the alleged misconduct.

## II. LEGAL DISCUSSION

### A. BILL OF PARTICULARS

A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable the defendant to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable the defendant to plead acquittal or conviction in bar

of another prosecution for the same offense when the indictment is too vague and indefinite. *United States v. Hernandez*, 299 F.3d 984, 989–90 (8th Cir.2002). The Court, in its discretion, may direct the Government to file a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. *See* Fed.R.Civ.P. 7(f). It is well-established that in order to show reversible error from the denial of a motion for a bill of particulars, a defendant must show that he was actually surprised at trial and suffered prejudice from the denial. *Id.* The granting or denial of a bill of particulars lies within the broad discretion of the trial court. *Id.; United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986); *United States v. Arenal*, 768 F.2d 263, 268 (8th Cir.1985); *United States v. Gray*, 464 F.2d 632, 635 (8th Cir.1972). A bill of particulars may not be used as a discovery tool nor may it be used to obtain a detailed disclosure of the Government's evidence and theories. *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir.1993).

■ In his motion, Agard requests that the Government provide the precise dates of the incidents upon which the Government and K.M. allege that sexual contact occurred so that Agard may prepare a defense and to prevent unfair surprise at trial. Agard notes that "[t]he Indictment alleges five separate incidents. K.M. alleges 14 separate incidents." *See* Docket No. 28.

■ It is well-established that an indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, if it fairly informs the defendant of the charges against which he must defend, and if it alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir.1993) (citing *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir.1980)). As a general rule,

the accused is not entitled to a bill of particulars which provides the exact date of the commission of the alleged crimes where time is not an essential element of the crime. *See United States v. Nunez*, 668 F.2d 10, 11–12 (1st Cir.1981); *United States v. Austin*, 448 F.2d 399, 401 (9th Cir.1971) ("generally, exact dates are not required so long as they are within the statute of limitation ... and no prejudice is shown"). Time is not a material element of a criminal offense unless made so by the statute creating it. *United States v. Youngman*, 481 F.3d 1015, 1019 (8th Cir.2007).

■ In *United States v. Youngman*, 481 F.3d 1015 (8th Cir.2007), the Eighth Circuit Court of Appeals found that the date of the offense is not a material element of aggravated sexual assault (by reference to the applicable statutes, 18 U.S.C. § 2241(a) and 2246(2)). The Eighth Circuit approved the trial court's denial of the defendant's requested jury instruction that the evidence at trial establish with certainty the exact date of the alleged offenses despite the defendant's protest that it would be all but impossible for him to provide a defense if exact dates were not proven. It is clear that time is also not a material element of the offense of sexual abuse of a minor. *See* 18 U.S.C. § 2243(a).

There is no dispute that Agard has been provided with the approximate time frame of the alleged offenses, as well as specific dates related to several occurrences. The indictment alleges a time frame starting from December 2006, and continuing until January 2007. The indictment reveals that Agard is not charged with five separate incidents of contact with K.M., but rather with five different counts of sexual abuse of a minor relating to different sexual acts with K.M. that occurred from December 2006 until January 2007. In other words, the allegations have been narrowed down

to a certain time frame, one victim, and certain sexual acts. To require the Government to provide a bill of particulars would serve no legitimate purpose as Agard should be able to glean from the discovery materials any existing relevant information concerning the date(s) involved in the alleged offenses.[1]

In its discretion, the Court finds that the indictment is legally sufficient and fairly informs the defendant of the criminal charges against him and the corresponding time frame. A bill of particulars is neither warranted nor appropriate under the circumstances.

### III. *CONCLUSION*

The Court finds that Agard has not shown that a bill of particulars is required. The Court **DENIES** the Defendant's Motion for Bill of Particulars (Docket No. 27).

**IT IS SO ORDERED.**

---

1. The Government in its response stated that the discovery provided to the Defendant includes reports of interviews conducted with K.M., a videotape of a forensic interview of K.M., and a copy of a journal made by K.M. marking approximate dates when sexual conduct occurred.